JM:WMP:KH
F.#2011R01592

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 04 '11 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JUDITH SHULMIRE,

               Defendant.

I N F O R M A T I O N

Cr. No. 11-671 (DLI)
(T. 18, U.S.C., §§ 371,
981(a)(1)(C), 1349 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

The Relevant Companies

1. Harbor Funding Group, Inc. ("HFGI") was a Washington corporation controlled by William C. Lange, also known as "Kris Lange," and Joseph G. Pascua. Lange and Pascua operated HFGI out of their offices in Gig Harbor, Washington. HFGI was purportedly in the business of providing financing for real estate development projects. Lange was HFGI's President and Pascua was part of HFGI's management team.

2. First Commercial Consultants, Inc. ("FCCI") was a Washington corporation controlled by William C. Lange and Joseph G. Pascua. Lange and Pascua operated FCCI out of their offices in Gig Harbor, Washington. FCCI was purportedly in the business

of soliciting funds from investors to finance investments in commercial real estate. Lange was FCCI's President and Pascua was part of FCCI's management team.

3. Black Sand Mine, Inc. ("BSMI") was a Washington corporation controlled by William C. Lange and Joseph G. Pascua. BSMI purportedly owned a large stake in a mining operation that was starting to mine gold and other precious metals on Sitkinak Island in Alaska. Lange and Pascua operated BSMI out of Pascua's house in Lake Tapps, Washington. Pascua was BSMI's President and Chief Executive Officer.

II. The Defendant

4. The defendant JUDITH SHULMIRE was employed by William C. Lange to perform services on behalf of HFGI, FCCI and BSMI. SHULMIRE's responsibilities included maintaining the books and records and performing administrative tasks such as answering the telephone and editing documents for HFGI, FCCI and BSMI.

III. The Fraudulent Schemes

A. The HFGI Scheme

5. In or about and between July 2006 and December 2010, the defendant JUDITH SHULMIRE, William C. Lange, Joseph G. Pascua and others executed a fraudulent advance fee scheme. Lange and Pascua offered loans to land developers, who had clients looking to build houses in regions affected by Hurricane Katrina. Lange and Pascua told the developers that HFGI had

2

funds available from investors to provide financing for the developers' projects in exchange for a fee, payable in advance, of ten percent of the loan amount. Lange and Pascua told the developers and the developers' clients that the ten percent fee would be placed in an attorney escrow account until the loan closed. With few exceptions, Lange and Pascua failed to fund the loans they promised to make to their clients. Contrary to their representations, Lange and Pascua did not have the money to fund the loans. Despite the lack of funding, Lange and Pascua did not return the ten percent advance fee they received from clients.

6. The defendant JUDITH SHULMIRE knowingly participated in William C. Lange and Joseph G. Pascua's fraudulent scheme. SHULMIRE, Lange, Pascua and others arranged for the clients' fees to be wired immediately from the attorneys' escrow accounts to corporate bank accounts controlled by Lange. SHULMIRE, Lange, Pascua and others used the clients' fees, among other things, to: (i) pay HFGI and FCCI employees' salaries; (ii) pay for Lange's vacations and hunting trips; (iii) make mortgage payments on Lange's house; (iv) pay for landscaping projects for Lange's house; (v) make payments to Lange's children even though the children did no work; and (vi) funnel money to other businesses owned or controlled by Lange and Pascua. SHULMIRE assisted Lange, Pascua and others in stealing more than $10

million from approximately 300 individuals through their fraudulent scheme.

B. The BSMI Scheme

7. In or about and between December 2009 and January 2011, the defendant JUDITH SHULMIRE, William C. Lange, Joseph G. Pascua and others executed a scheme to fraudulently induce investors to invest in BSMI.

8. The defendant JUDITH SHULMIRE, William C. Lange, Joseph G. Pascua and others made false and material misrepresentations regarding BSMI to compel investors to invest thousands of dollars in BSMI. These fraudulent representations included: (i) the gold mine was projected to gross $52 million a month in 2011; (ii) the investors' money would be used to pay expenses for fuel, food, transportation, labor and insurance of $1 million per month; (iii) Pascua had led several companies to national prominence, and that his business expertise was in demand throughout the world; (iv) concealing Lange's involvement in BSMI, including having Lange introduce himself to some investors as "Kris Lange;" and (v) concealing Pascua's and other BSMI officers' prior involvement with HFGI.

9. The defendant JUDITH SHULMIRE, William C. Lange and Joseph G. Pascua disbursed the vast majority of investor funds in BSMI to: (i) corporate bank accounts controlled by

Lange; (ii) HFGI's Wells Fargo account controlled by Lange; (iii) Lange's son; (iv) Pascua; and (v) pay SHULMIRE and other HFGI employees.

COUNT ONE
(Conspiracy to Commit Wire Fraud - the HFGI Scheme)

10. The allegations contained in paragraphs one through six are realleged and incorporated as though fully set forth in this paragraph.

11. In or about and between July 2006 and December 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUDITH SHULMIRE, together with William C. Lange, Joseph G. Pascua and others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud clients of HFGI and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

COUNT TWO
(Conspiracy to Commit Securities and
Wire Fraud - the BSMI Scheme)

12. The allegations contained in paragraphs one through four and seven through nine are realleged and incorporated as though fully set forth in this paragraph.

13. In or about and between December 2009 and January 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JUDITH SHULMIRE, together with William C. Lange, Joseph G. Pascua and others, did knowingly and willfully conspire:

    a. to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission (Title 17, Code of Federal Regulations, Section 240.10b-5), by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in BSMI, in connection with the purchases and sales of investments in BSMI, directly and indirectly, by use of the means and instrumentalities of interstate and foreign commerce and the

6

mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff; and

      b.    to devise a scheme and artifice to defraud investors and potential investors in BSMI and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

    14.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant JUDITH SHULMIRE committed and caused to be committed, among others, the following:

### OVERT ACTS

      a.    On or about April 9, 2010, SHULMIRE made reservations at the Baymont Inn & Suites in Fife, Washington for a seminar to promote BSMI.

      b.    On or about May 7, 2010, SHULMIRE contacted three companies, whose identities are known to the United States Attorney, to induce them to invest in BSMI.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

15. The United States hereby gives notice to the defendant JUDITH SHULMIRE that, upon conviction of either of the above-charged offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p); Title 18, United States Code, Section 981(a)(1)(C))

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK